# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SIMON UNRUH,

    Plaintiff,

vs.                                                         Civ. No. 03-0806 MV/LFG

CHARLES E. WILLIAMS, an Individual;
DAVID LEE GRAVES, an Individual, and
d/b/a DAVID GRAVES TRUCKING; and
SANFORD TRUCKING, INC., a Mississippi
Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Application for Transfer of Cause for Form [sic] Non-Conveniens, filed October 20, 2003, **[Doc. No. 16]**.[1] The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

## FACTUAL BACKGROUND

This action arises from an automobile accident that occurred in Quay County, New Mexico on July 11, 2000. Plaintiff, a resident of Oklahoma, filed a complaint in this Court asserting jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship and an amount in controversy exceeding the sum of $75,000. Defendants are residents of Kentucky, Texas, and

---

[1] In the same motion, Plaintiff also sought to continue the scheduling conference set for November 4, 2003. The magistrate judge entered an order on October 31, 2003, continuing the scheduling conference.

Mississippi, respectively. Plaintiff now seeks to transfer the action to the Northern District of Oklahoma. Defendants Williams and Graves ("Defendants") oppose the transfer. Defendant Sanford did not file a response. Pursuant to D.N.M.LR-Civ. 7.1(b), Defendant Sanford's failure to file a response constitutes consent to grant the motion.

## DISCUSSION

While Plaintiff's motion is asserted as one for transfer pursuant to the common law doctrine of *forum non-conveniens*, the United States Supreme Court has held that the transfer of venue function of the *forum non conveniens* doctrine has been superseded by 28 U.S.C. § 1404(a). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) ("transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute"). Plaintiff's motion therefore will be treated as a motion to transfer venue under 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). The moving party has the burden of demonstrating that a suit should be transferred. *Id.*

Among the factors the Court should consider when deciding whether to transfer a case pursuant to 28 U.S.C. § 1404(a), are "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may

arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967).

Plaintiff contends that this action should be transferred to Oklahoma because he and his expert witnesses are located in Oklahoma and because Defendants reside closer to Oklahoma than to New Mexico. Defendants oppose the transfer on the grounds that only a small number of the potential witnesses in this matter reside in Oklahoma while a number of critical witnesses, including eye-witnesses to the accident and authorities responding to the scene of the accident, are located in New Mexico; New Mexico substantive law will apply to the action and retention of the case in this Court will facilitate consideration of relevant New Mexico law; and, Defendants, who have retained legal counsel in New Mexico, would be forced to incur additional expense to secure counsel in Oklahoma.

As an initial matter, the Court must establish that this proceeding might have been brought in the first instance in the transferee district. *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960). When jurisdiction is founded on diversity of citizenship, a civil action may be brought only "(1) in a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391 (a). Defendants reside in separate states, none of which is Oklahoma.

Consequently, option (1) provides no basis for venue in the Northern District of Oklahoma. It is undisputed that the accident giving rise to the claim occurred in New Mexico, eliminating venue in the Northern District of Oklahoma under option (2). As the action may be brought in New Mexico, option (3) is inapplicable.

The Court concludes that this action cannot be transferred to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a) because the action could not have been brought in the Northern District of Oklahoma.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Transfer of Cause for Form [sic] Non-Conveniens, filed October 20, 2003, **[Doc. No. 16]** is hereby **DENIED.**

Dated this 21st day of January, 2004.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Richard A. Pizzo, Esq.
    Rick J. Mitchell, Esq.

Attorneys for Defendants:
    Lawrence H. Hill, Esq.
    Daniel R. Olsen, Esq.