IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON UNRUH,

        Plaintiff,

vs.                                                                  CIVIL NO.  03-806 MV/LFG

CHARLES E. WILLIAMS,
DAVID LEE GRAVES, dba
David Graves Trucking, and
SANFORD TRUCKING, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANTS' MOTION TO COMPEL

### Introduction

THIS MATTER is before the Court on Defendants Charles E. Williams and David Graves Trucking's Motion to Compel [Doc. 30].  The Court considered the Defendants' ("Williams and Graves") motion and supporting documents, together with Plaintiff Simon Unruh's ("Unruh") response in opposition and Williams and Graves' reply.  Oral argument is not necessary.  This matter may be resolved based on the parties' submissions.

### Background

Williams and Graves demonstrate that they served Unruh with their First Set of Interrogatories and Requests for Production of Documents on December 19, 2003.  This formal discovery was served by mail on that date and, therefore, Unruh's responses were due by January 21, 2004.  Unruh failed to respond within the time permitted by the rule, but did ultimately submit

responses on February 10, 2004.  The responses were not verified as required by Fed. R. Civ. P. 33, which clearly states, "Each interrogatory shall be answered separately and fully in writing under oath . . . ."  Fed. R. Civ. P. 33(b)(1).  The party, not the attorney, must sign a verification or affidavit as to the accuracy of the answers.  Buffalo Carpenters Pension Fund v. CKG Ceiling & Partition Co., Inc., 192 F.R.D. 95-98 (W.D. N.Y. 2000).

Upon review of Unruh's responses, Williams and Graves deemed them insufficient. Specifically, they believed Unruh's responses to Interrogatories No. 4, 6, 7, 8, 12, 16, 20 and 26 were improper.  Thus, on February 18, 2004, defense counsel faxed a letter to Unruh's attorney advising that the interrogatories were not verified as required and that Unruh's responses to the aforementioned interrogatories were inadequate.  Defense counsel previously corresponded with Unruh's attorney on February 12, 2004, advising:

> [T]he discovery responses provided are unsatisfactory and did not provide any information to be of assistance to my client in making an evaluation.  I will send you a letter requesting specific supplemental responses at a later date.  However, let me point out that your client claims that he is entitled to a loss of wages and impairment of earning capacity, yet in the responses does not provide any information as to how any amounts are computed or set forth any other form of compensation he has obtained.  My client must then make an evaluation that your client apparently receives some money for his efforts, but we do not know how much and for what purposes.  This is just one of many examples.

This letter did not prompt Unruh to supplement any of his responses to interrogatories.  Thus, on February 18, 2004, defense counsel faxed a second letter to Uhruh's attorney.  This February 18 letter specifically refers to the aforementioned interrogatories and notes why they are inadequate. Defense counsel requested supplemental response within fifteen days.  His letter concludes:

> I believe I should be entitled to supplemental responses within fifteen days or a stipulated order indicating that such information will be provided. If not, I will assume that you will oppose a motion to compel. I am also enclosing a release for employment records that was apparently not forwarded with the request for production of documents. I would ask that Mr. Unruh sign it so that I can get his employment records.

Notwithstanding defense counsel's February 12 and February 18 letters, Unruh did not supplement his answers and did not produce the requested information.

In Unruh's response to the motion, he contends through his counsel that he never received the February 18, 2004 letter, and states, "The plaintiff cannot respond if they never received the letter." (Response, p. 1). Additionally, Unruh's counsel complains that Williams and Graves "never contacted Plaintiff's counsel by telephone regarding an attempt to resolve these interrogatory responses. If Defendants' counsel would have conferred, Plaintiff's counsel would have informed him that the letter was never received."

In Williams and Graves' reply to the motion to compel, they submitted verification of the successful delivery of the February 18, 2004 facsimile transmission. A comparison of the fax number on the verification with Unruh's counsel's fax number shows that the correct number was used and the verification sheet shows that the fax was indeed transmitted. Thus, Graves and Williams' representations that the February 18 letter was faxed to Plaintiff's counsel's fax number are correct.

Upon receipt of Williams and Graves' motion to compel, Unruh sought to supplement his earlier responses. However, even the supplemental responses are inadequate. The Court reviewed the interrogatories, Unruh's original responses and supplemental responses and determines that some responses are indeed adequate while others are not.

## Analysis

The Court determines that the response to <u>Interrogatory No. 4</u> is adequate and that no further response is necessary.

<u>Interrogatory No. 6</u> requested information concerning whether Unruh was previously a party to a civil or criminal lawsuit and, for each action, to state when it occurred, to identify the court where the claim arose, to identify the parties, nature of the action, whether Unruh was a plaintiff or defendant, and to disclose the final disposition.

It is apparent that Unruh's initial response was entirely inadequate. He simply stated, "Yes. Please refer to the Oklahoma Supreme Court network at <u>www.oscn.net Tulsa County</u> for listing." A party may not defer answering or refuse to answer an interrogatory by suggesting that the information may be available through some other source. Such a response is a failure or refusal to answer the interrogatory. Fed. R. Civ. P. 33; <u>Oleson v. Kmart Corp.</u>, 175 F.R.D. 570, 572 (D. Kan. 1997).

Unruh's supplemental response provided significantly more information, but failed to supply all the information requested. For example, the first entry refers to an action captioned <u>State of Oklahoma v. Simon Unruh</u> in the Tulsa County District Court, CG 1998-739. Unruh fails to disclose the nature of the lawsuit and the outcome. Thus, because he failed to respond with the requested information, i.e., identity of the parties and nature of the lawsuit, the information he provided is unclear. For example, he identifies an action, <u>Unruh v. Unruh</u>, in Cause FD-1987-5338 as a divorce, but there appears a second <u>Unruh v. Unruh</u>, FD-1988-3830 as a divorce, and a third, <u>Unruh v. Unruh</u>, FD-1990-8758. Are these three separate divorces? Was the first one resolved and the other divorce actions filed involving the same parties? Are these two separate parties? Did Plaintiff initiate the

action in all cases? Did he defend in all cases? Did he initiate in one and defend in the others? These uncertainties cannot be answered based on the information provided by Unruh.

In other cases, for example, <u>Lakey v. Unruh</u>, forcible entry and detainer, SC-1989-9327, Unruh fails to disclose the outcome of this litigation. Indeed, for many of the actions identified, Unruh simply states that they were for "indebtedness," but fails to state the outcome. Did he win? Did he lose? Was the action dismissed? Was it settled? As with the uncertainty over the three <u>Unruh v. Unruh</u> divorce actions, there are two <u>Carter v. Unruh</u> divorce actions.

The Court concludes that Williams and Graves concerns over the adequacy of Unruh's response are well-taken, and therefore the Court orders Unruh to supplement this interrogatory and fully respond to the original interrogatory within twenty days after entry of this order.[1]

<u>Interrogatory No. 7</u> sought information concerning Unruh's employment at the time of the accident. The interrogatory requested the name and address of the employer; name and address of Unruh's supervisor; Unruh's title and the nature of his duties; his rate of compensation on the date of the accident; whether he lost any time from work as a result of the accident; the dates on which he was unable to work; and if he lost any earnings as a result of the accident, the amount and manner of computation.

Unruh's original responses were inadequate. For example, with reference to disclosing the amount of time lost from work as a result of the accident, he stated, "I have lost a lot . . . ." In his supplemental response, he states, "Refer to Plaintiff's attorney's letter to defense counsel on March 2, 2004, stating Plaintiff was off work from the date of the accident to December 15, 2003." Clearly,

---

[1]The Court normally allows ten days, but is granting additional time because Unruh is out of the country.

this is not Unruh's answer, but Unruh's attorney's answer.  The problem is compounded by the fact that the supplemental responses are not verified and signed under oath by Unruh.  Finally, this supplemental response is improper because answers to interrogatories must be responsive to the request and complete within themselves without referring to some other document.  <u>Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.</u>, 55 F.R.D. 354, 357 (W.D. Mo. 1972); *see also* <u>Oleson v. Kmart Corp.</u>, 175 F.R.D. 560 (D. Kan. 1997).[2]

The original interrogatory also requested information concerning the dates upon which Unruh was unable to work.  The original response states, "2000 to present."  This response is problematic for many reasons.  First, as a result of telephonic conferences with counsel on this case, the Court is aware that Unruh is employed.  Thus, that response cannot be correct.  Secondly, the supplemental response states, "Date of accident to December 15, 2003."  While this may be a correct response, it is obviously not Unruh's answer, but his attorney's.

Finally, in subsection G to Interrogatory No. 7, information is requested concerning loss of earnings and required Unruh to state the amount and manner of computation.  The original response made no sense.  It simply stated, "Every time I am around trucks, I shudder to think what could be next.  Everything I could have earned for four years."  The supplemental response is equally vague.  Rather than stating what his losses are, the response merely states, "Net profit on load per run."

The responses to Interrogatory No. 7 as indicated herein are inadequate.  A party may not "hide the ball" by such vague responses.  Williams and Graves are entitled to know Unruh's damage claims.  Indeed, Unruh was obligated to disclose his damage claims as part of his Rule 26 initial

---

[2]This is not a situation where the Plaintiff elected to produce a business record to answer an interrogatory in accordance with Fed. R. Civ. P. 33(d).  <u>Pulsecard, Inc. v. Discover Card Services, Inc.</u>, 168 F.R.D. 295, 304-05 (D. Kan. 1996).

disclosures which should have been supplemented.  He obviously has not done that nor has he specifically responded to explicit interrogatories asking for damage claims and how he arrived at the figure.

The Court will order supplementation and require Uhruh to fully respond to this interrogatory within twenty days after entry of this order.

Interrogatory No. 8 sought information concerning Unruh's past employment, including the names and addresses of his prior employers for ten years; the dates of employment with prior employers; his approximate salary or compensation in these prior employment periods; and the type of work in which he was employed.

Unruh's original response was unclear.  He identified only one employer, Simon Says Truck It, and identified periods of employment from 1997 to 2000.  He does not state what he was doing prior to 1997.  Regarding his salary, he states, "No salary.  Lived off proceeds of trucking company." That response provides no valuable or useful information.  In his supplemental response, he identifies a prior employer in 1993 as Floyd Fletcher, but states the employer's address is unknown, and he does not provide a city or state where he was employed.  In reference to his prior salary, he simply refers defense counsel to his response to Interrogatory No. 7, which the Court already deemed inadequate.

The Court concludes that Williams and Graves' concerns about Interrogatory No. 8 are well-taken and will require Unruh to supplement his response and fully answer these interrogatories within twenty days after entry of this order.

Interrogatory No. 12 requested information concerning medical care or treatment by any healthcare provider during the 10-year period prior to the accident in this case.  Williams and Graves

requested the name and address of all healthcare providers and the dates and reasons for the healthcare.

In response, Unruh simply stated, "Open heart surgery, 2000, Dr. Whitlock, Tulsa, Oklahoma. There may be others, however, dates and names are unknown." This response is inadequate. Williams and Graves are entitle to contact prior healthcare providers and they are unable to do so unless they know their names and addresses.

Unruh's supplemental response provided some additional information, including the name of the Tulsa Regional Medical Center facility where he was treated in August 1995, for a toe injury. He also supplied the name of a doctor in Okmulgee, Oklahoma where he was treated for a rash, and the name of the physician and city where he was treated for heart problems.

The Court determines that this response, to the extent it fully responds to the interrogatory, is at least sufficient to allow Williams and Graves to contact the physicians or healthcare facilities to obtain information. The Court will not require supplementation of Interrogatory No. 12.

Interrogatory No. 16 sought information regarding treatment Unruh received from various healthcare providers in relation to this accident. He was directed to itemize the date of treatment, names and addresses of providers, nature of treatment, cost of treatment, and location of any treatment notes. Unruh's initial response was "see medical records and bills." His supplemental response was "Already provided pursuant to discovery. See FRCP 26(e)." The responses are inadequate as they do not fully respond to the request for who treated Unruh, what treatment was provided, and the location of medical treatment notes. Unruh should serve verified, supplemental responses within twenty days after entry of this order.

8

Interrogatory No. 20 sought information whether Unruh, his agents or attorneys knew of any witnesses, eye-witness or otherwise, including experts, to the occurrence of the accident in this case, the events leading up to it or its aftermath. Defense counsel sought names, addresses and phone numbers. Unruh's initial response included, "The parties. The truck drivers and police officers who came to the rescue. Healthcare providers." In his supplemental response, Unruh simply refers defense to "Plaintiff's attorney's letter to defense counsel dated February 13, 2004, indicating expert witnesses." This response is inadequate. As previously stated, a party may not answer an interrogatory by reference to some other document or some other interrogatory. Rather, the complete answer must be set out. The request is simple enough--please identify the individuals by name, address and phone number who were witnesses or eye-witnesses to the occurrence, the events leading up to the accident or the aftermath. The Court will require that Unruh fully respond to this interrogatory within twenty days after entry of this order.

In Interrogatory No. 26, Williams and Graves sought to have Unruh "itemize and state with specificity each and every element of damages you claim you are entitled to recover as a result of the accident on July 12, 2000 . . . ." Unruh's original response stated, "All medical expenses, plus future medical expenses. Compensation for mental and physical pain and suffering. Lost wages. Loss of earning capacity." While these generally categories are sufficient for the initial Rule 26 disclosures, they are not sufficient at this stage of the litigation. This case is close to the end of discovery and Unruh must disclose his damages. The information sought is directly relevant to Unruh's claim and he is compelled to provide it. The Court will require Unruh to fully answer this interrogatory within twenty days after entry of this order.

9

**Fees and Costs**

The Court will require that Unruh specifically and fully answer the aforementioned interrogatories and provide verified answers as required by Fed. R. Civ. P. 33.  The Court further finds that Unruh's failure to supplement his interrogatories as requested in the February 18 letter resulted in Williams and Graves having to file this motion to compel, which would not have been necessary had Unruh complied with his discovery obligations.  The Court will assess two hours of attorney time at defense counsel's standard hourly rate, plus gross receipts taxes.  Williams and Graves' counsel shall submit their bill to Unruh for two hours of time, plus gross receipts taxes, and Unruh will be required to pay the attorney fees within thirty days after receipt of defense counsel's bill.

**Conclusion**

For the reasons stated herein, Unruh is required to supply supplemental responses to interrogatories and to verify his responses within twenty days after entry of this order.

IT IS THEREFORE ORDERED that Williams and Davis' motion to compel [Doc. 30] is granted in part and denied in part as fully described herein.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge